IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYSON PLACIDE,

      Petitioner,

v.                                  No. 2:26-cv-01910-KG-GBW

TODD LYONS, et al.,

      Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Myson Placide's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6.  For the reasons below, the Court denies the petition.

### I.    *Background*

Petitioner is a citizen of Haiti who entered the United States in 2021.  Doc. 1 at 1.  He lived in Florida, has three American children, and worked as a truck driver.  *Id.* at 3.  He was arrested by the United States Department of Homeland Security ("DHS") in May 2026.  *Id.* at 2. He is currently held at the Otero County Processing Center in New Mexico.  *Id.*

Petitioner applied for and received a bond hearing on June 11, 2026.  Doc. 1 at 4.  The immigration judge ("IJ") denied Petitioner's bond request after concluding that "Petitioner presented a flight risk based upon an outstanding traffic-related warrant and a finding concerning employment authorization."  Doc. 1 at 2.  Petitioner challenges his continued detention "in violation of due process."  Doc. 1 at 2.  He seeks "release or, alternatively, a constitutionally adequate bond hearing."  *Id.*

The Government's abbreviated response does not acknowledge Petitioner's prior bond

hearing.  *See generally* Doc. 7.  The Government instead concedes that Petitioner's

circumstances align with the Court's previous statutory classification decision.  Doc. 7 at 2.

## II.     *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical

confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is

available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is

"seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89

(2018).  Relevant here, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the

Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."

Noncitizens detained under this second detention regime are "entitled to individualized bond

hearings at the outset of detention."  *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M.

2025).

## III.    *Analysis*

The Court denies Petitioner's petition, Doc. 1.  Petitioner received a bond hearing on

June 11, 2026.  Doc. 1 at 2.  At that hearing, the IJ considered the record and found that

Petitioner failed to carry his burden and denied bond.  *Id.*  That is all § 1226 requires.  To the

extent that Petitioner challenges the IJ's discretionary bond denial, that challenge is properly

directed to the BIA.

*IV.*      *Conclusion*

The Court denies the Petition, Doc. 1.  Petitioner's Motion for Prompt Disposition of his

Petition, Doc. 8, is denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.